## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
## No. 5:13-CV-849-BO

| | |
|---|---|
| SHEILA Y. CRUTHIRDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| KAREN MILLER, Division Chief Child, | ) |
| Youth School Services/Directorate Family | ) |
| Morale, Welfare and Recreation, and | ) |
| JOHN M. MCHUGH, Secretary, | ) |
| Department of the Army, | ) |
| | ) |
| Defendants. | ) |

This cause comes before the Court on defendants' motion to dismiss, or in the alternative

for summary judgment. Plaintiff has responded, and the matter is ripe for review. Also pending

are plaintiff's motions for summary judgment, default judgment, and for joinder. For the reasons

discussed below, defendants' motion is granted and this action is dismissed.

## BACKGROUND

Plaintiff was formerly employed as a Supervisory Program Specialist at Cook Child

Development Center at Fort Bragg, North Carolina. Plaintiff alleges in her complaint that Karen

Miller, Division Chief of Child, Youth School Services, breached a negotiated settlement

agreement signed by plaintiff and Miller, subjected plaintiff to a hostile work environment,

intentionally retaliated against her, and discriminated against her based on her race. Plaintiff

further alleges that Miller caused the Fort Bragg Garrison Commander to have plaintiff

permanently barred from re-entering Fort Bragg and Camp McKall, and that Miller's intentional

actions caused plaintiff's employment attorney to withdraw from representation.

Construing plaintiff's *pro se* complaint liberally, the Court finds that plaintiff has brought an action under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.*, for employment discrimination, specifically race discrimination, hostile work environment, and retaliation for engaging in protected activities. *See* 42 U.S.C. § 2000e-16. Plaintiff also appears to allege a state law claim for intentional infliction of emotional distress against defendant Miller. Defendants have moved to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can been granted. Fed. R. Civ. P. 12(b)(1);(6). Defendants have moved alternatively for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has filed five responses in opposition to defendants' motion.

## DISCUSSION

I. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558-59 (9th Cir. 1987)). The movant's motion to dismiss should be granted if

2

the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain,* 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Defendants and plaintiff have filed extrinsic evidence in support of their arguments for and against dismissal. The Court may consider documents referred to in the complaint and relied upon by a plaintiff in bringing an action without converting a Rule 12(b)(6) motion to one for summary judgment. *See e.g. Abadian v. Lee,* 117 F. Supp. 2d 481, 485 (D. Md. 2000). Because the Court has considered only that extrinsic evidence which is specifically mentioned in or relied upon in plaintiff's complaint, it need not convert defendants' Rule 12(b)(6) motion to one for summary judgment.[1]

II. ANALYSIS

A. PROPER DEFENDANT FOR TITLE VII CLAIMS

Plaintiff complains of employment actions taken while she was a federal employee. A federal employee may file a civil action following notice of final action by or the passage of 180

---

[1] The Court would note, however, that plaintiff has received notice pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975). [DE 33].

days from the filing of a charge with the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e-16(c). The defendant in such action shall be "the head of the department, agency, or unit, as appropriate [.]" *Id.* Plaintiff alleges that Miller was the Division Chief of Child Youth School Services; Miller was not the head of the appropriate department, unit, or agency. *See e.g. Gardner v. Gartman*, 880 F.2d 797, 798 (4th Cir. 1989) (employee at Marine Corps Air Station at Cherry Point alleging Title VII claims was required to name the Secretary of the Navy as defendant.). Plaintiff's Title VII claims are proper only against defendant McHugh, Secretary, Department of the Army and are dismissed against defendant Miller.

B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Title VII requires that a federal employee exhaust her administrative remedies prior to filing suit in federal court. *Zografov v. V.A. Med. Ctr.*, 779 F.2d 967, 968 (4th Cir. 1985). A federal employee must contact an Equal Employment Opportunity (EEO) counselor within forty-five days of the alleged discrimination prior to filing a complaint, and the EEOC must dismiss a complaint that fails to comply with this requirement unless other circumstances apply. 29 C.F.R. §§ 1614.105(a)(1); 1614.107(a)(2).

Plaintiff in her complaint states that Miller has been retaliating against her "from June 24, 2011 and including the transfer to Cook Child Development Center on January 6, 2012." Plaintiff further states that during this time Miller created a hostile work environment and discriminated against plaintiff. Plaintiff contacted an EEO official on August 20, 2012, regarding alleged discrimination and hostile work environment. [DE 32-9]. Plaintiff's claims for discrimination that occurred in 2011 were dismissed by the EEOC for failure to contact an EEO official within forty-five days of the alleged incident as required. *Id.*

4

Plaintiff has not demonstrated that she contacted an EEO counselor within forty-five days of any specific incidence of discrimination during 2011. Because "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim," *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009), plaintiff's hostile work environment, discrimination, and retaliation claims must be dismissed for lack of subject matter jurisdiction. *See also Steele v. Schafer*, 535 F.3d 689, 693 (D.C. Cir. 2008) ("a court may not consider a discrimination claim that has not been exhausted").

C. REMAINING CLAIMS

Plaintiff's remaining claims, even liberally construed, fail to allege more than "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). Though she alleges that defendants have breached the negotiated settlement agreement, she has not provided the Court with sufficient factual support for it to draw the reasonable inference that defendants are liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. The negotiated settlement agreement provided that a lateral transfer to Cook Child Development Center (CDC) would be arranged if both plaintiff and the Cook CDC director were in agreement, as would be indicated by an email to Miller. [DE 32-2]. Plaintiff emailed Miller on February 24, 2012, to confirm her desire to be laterally transferred to Cook CDC. [DE 32-3]; *see also* [DE 1-2]. While plaintiff complains that she was denied an appropriate transfer pursuant to the agreement, she further notes that "the settlement agreement didn't reveal an implied promise to reassign" her. [DE 1-1 at 3]. Thus, plaintiff has failed to sufficiently allege a term of the negotiated settlement that defendants have breached.

5

D. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Finally, insofar as the Court could construe[2] a state law claim for intentional infliction of emotional distress, "[f]ederal employees enjoy absolute immunity from liability for torts committed within the scope of their employment." *Groshans v. England*, No. CIV.A. 01-1438-A, 2002 WL 32605744, at \*4 (E.D. Va. Mar. 28, 2002) *aff'd,* 51 F. App'x 450 (4th Cir. 2002); *see also* 28 U.S.C. § 2679(b)(1). Plaintiff has not alleged that defendant Miller was acting in her personal capacity when she took the allegedly discriminatory actions against plaintiff, and this claim is therefore properly dismissed.[3]

III. PLAINTIFF'S MOTIONS

Plaintiff's motions for summary judgment, default judgment, and for joinder are denied. In light of the foregoing discussion, plaintiff's request that discovery not be conducted and the case proceed directly to trial is without merit and is denied. Default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure is improper as default has not been entered against defendants. Further, defendants are not in default as they have filed a motion pursuant to Rule 12, and such motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Finally, plaintiff has not established a basis for joinder pursuant to Rule 19 of the Federal Rules of Civil Procedure. Moreover, the Court stayed each of plaintiff's motions

---

[2] Pro se pleadings should be construed liberally. *Erickson v. Pardus* , 551 U.S. 89, 94 (2007).
[3] Defendants did not refer to a claim for intentional infliction of emotional distress in their motion to dismiss, though they did seek dismissal of plaintiff's complaint in its entirety. Ordinarily, notice is required prior to *sua sponte* dismissal of a plaintiff's claims. *See Saifullah v. Johnson*, 948 F.2d 1282 (4th Cir. 1991) (unpublished). Here, however, plaintiff has received a *Roseboro* notice that judgment may be entered against her and she has filed five responses to defendants' motion. Because only the Court's very liberal construction of plaintiff's complaint results in a finding that she may have raised a claim for infliction of emotional distress, plaintiff has had adequate notice of the effects of motions under Rule 12 and 56 of the Rules of Procedure, and has in fact thoroughly responded to defendants' motion, the Court finds that *sua sponte* dismissal of plaintiff's purported emotional distress claim is appropriate.

Case 5:13-cv-00849-BO   Document 41   Filed 02/06/15   Page 6 of 7

pending its entry of a scheduling order. [DE 25]. As dismissal of this action is appropriate, a scheduling order will not be entered and plaintiff's motions are denied.

## CONCLUSION

As discussed above, defendants' motion to dismiss or in the alternative for summary judgment [DE 31] is GRANTED, plaintiff's motion for summary judgment, default judgment, and joinder [DE 15, 16 & 19] are DENIED, and this action is DISMISSED in its entirety. The clerk is DIRECTED to enter judgment accordingly and to close the file.

SO ORDERED, this **3** day of February, 2015.

Terrence W. Hayl

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

Case 5:13-cv-00849-BO   Document 41   Filed 02/06/15   Page 7 of 7